IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jodi Pacicca, | ) |
|                       Plaintiff, | )  C.A. No. 3:21-cv-03136-DCC |
| v. | )  **OPINION AND ORDER** |
| Darius Jackson and Love's Travel Stops & Country Stores, Inc., | ) |
|                       Defendants. | ) |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 50. Plaintiff filed a Response in Opposition, and Defendants filed a Reply. ECF Nos. 59, 72. On November 14, 2023, a hearing was held on Defendants' Motion for Summary Judgment.[1] ECF No. 83. For the reasons set forth below, Defendants' Motion for Summary Judgment is granted.[2]

## **BACKGROUND**

This case arises from a slip and fall accident that occurred on October 19, 2019, at the Love's Travel Stops & Country Stores, Inc. ("Love's") number 396 in Newberry, South Carolina. ECF No. 1-1 at 5. Plaintiff stopped at Love's to refuel her vehicle, use the restroom, and ask for directions. ECF No. 50-1 at 2. When Plaintiff entered the Love's

---

[1] At the hearing, the Court granted Plaintiff's Motion to Withdraw as Attorney; accordingly, Plaintiff is now proceeding pro se. ECF No. 83. At the time Plaintiff filed her Response in Opposition to Defendants' Motion for Summary Judgment, Plaintiff was represented by counsel, and counsel argued the Motion at the hearing before withdrawing. *Id.*

storefront, it was raining outside. *Id.* Plaintiff exited the store, refueled her vehicle, and moved the vehicle to the front of the store. *Id.* After moving the vehicle, Plaintiff entered a Chester's Chicken ("Chester's") establishment, which is attached to the Love's storefront. *Id.* When Plaintiff entered Chester's, it was still raining outside. *Id.* Plaintiff slipped inside Chester's after walking forward one or two steps. *Id.* Plaintiff testified at a deposition that she fell in a mixture of water and grease and later described the mixture as water with a "layer or a film of oil." *Id.* Plaintiff did not know how the substance got on the floor nor how long the substance was on the floor prior to the accident. *Id.* at 3. A wet floor sign was in place both near the entrance to Chester's and the area between Chester's and the Love's storefront on the date the accident occurred. *Id.* at 4. Defendant Darius Jackson ("Jackson") was the General Manager of the subject Love's when the accident occurred. *Id.*

On August 11, 2021, Plaintiff filed a Complaint in the Court of Common Pleas for the Fifth Judicial Circuit, and on September 27, 2021, Defendants removed this action. ECF Nos. 1, 1-1. On August 1, 2023, Defendants filed a Motion for Summary Judgment. ECF No. 50. On August 29, 2023, Plaintiff filed a Response in Opposition, and on September 22, 2023, Defendants filed a Reply. ECF Nos. 59, 72. On November 14, 2023, a hearing was held on Defendants' Motion for Summary Judgment. ECF No. 83. Accordingly, this matter is ripe for review.

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(a) states, as to a party who has moved for summary judgment, "[t]he court shall grant summary judgment if the movant shows that

2

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

3

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce evidence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

**I.     Negligence Liability Based on Accumulated Rainwater – Open and Obvious Condition**

Defendants contend that they are entitled to summary judgment because accumulated rainwater is an open and obvious condition, and Defendant Love's, as a premises owner or occupier, has no duty to warn guests of open and obvious dangers. ECF No. 50-1 at 9. Defendants contend that accumulated rainwater is an open and obvious condition in the present case because during her deposition, Plaintiff acknowledged that it was raining prior to the accident and that customers track water inside businesses on rainy days. ECF Nos. 50-1 at 13; 50-2 at 12. Further, in asserting that accumulated rainwater is an open and obvious condition, Defendants rely on two allegedly analogous cases. *See Hackworth v. United States*, 366 F. Supp. 2d 326, 331

(D.S.C. 2005); *Lucas v. Sysco Columbia LLC*, C.A. No. 3:13-cv-02883-JFA, 2014 WL 4976509, at *2 (D.S.C. Oct. 3, 2014).

In contrast, Plaintiff contends the cases on which Defendants rely are factually distinguishable. ECF No. 59 at 6. Plaintiff contends that Defendants' duty to warn customers of rainwater arises not by law but by voluntary actions taken pursuant to company policies and procedures. *Id.* at 7. Plaintiff relies, in part, on Defendant Love's policies that require employees in the event of rain to place wet floor signs near the front entrance and wet area and to notify customers if an area might be wet. *Id.* at 8; ECF No. 59-6 at 2. Plaintiff also relies on Defendant Love's video training modules that instruct employees to ensure wet floor signs are identifiable and to clean up standing water with both a wet mop and dry mop. ECF Nos. 59 at 9; 59-7. Plaintiff argues Defendants had an obligation based on Defendant Jackson's deposition testimony to place mats at the front entrance pursuant to Defendant Love's policies, and Defendants allegedly failed to comply with placing mats and notifying customers that an area might be wet. ECF Nos. 59 at 9; 59-3 at 4; 59-6 at 2. Plaintiff contends that Defendants voluntarily assumed a duty, and, as a result, "a jury could justifiably infer that they failed to act with due care." ECF No. 59 at 10.

Defendants contend that their policies and procedures do not create a duty of care. ECF No. 72 at 4. Defendants contend that a company's internal policies are insufficient to establish a duty as a duty must be established by law. *Id.* Defendants further contend that Plaintiff's argument that Defendants assumed a duty by undertaking actions based on internal policies confuses the existence of a duty with standards of care used to determine whether a defendant breached a duty. *Id.* at 6. Defendants argue that its

5

policies do not require employees to verbally warn customers and that any obligation to notify is satisfied through the use of wet floor signs.  *Id.*; ECF No. 72-2 at 3.  Lastly, Defendants contend that South Carolina law "impose[s] [no] actual duty upon premises operators to put down floor mats or provide warning signs."  ECF No. 72 at 6.

Having reviewed the applicable law and arguments and submissions of the parties, the Court finds that Defendants' Motion for Summary Judgment is granted as to Plaintiff's negligence claim with respect to accumulated rainwater as an open and obvious condition.  "[U]nder South Carolina law, the owner of property owes no duty to use reasonable care to take precautions against or warn guests of open and obvious dangers."  *Hackworth*, 366 F. Supp. 2d at 330.  A plaintiff cannot establish premises liability solely on accumulated rainwater "[s]ince it is impossible to keep commercial premises entirely free of tracked-in rain during bad weather."  *Young v. Meeting St. Piggly Wiggly*, 343 S.E.2d 636, 637–38 (S.C. Ct. App. 1986) (citation omitted).

Here, to the extent rainwater caused Plaintiff's injuries, under the facts of the present case, it was an open and obvious danger.  During Plaintiff's deposition, she admitted that it was raining as she entered Chester's and that the ground outside was wet.  ECF Nos. 50-1 at 11; 50-2 at 8.  Further, when asked whether "it [was] reasonable to expect that when it's raining outside, people can carry rainwater on the bottom of their shoes if they walk inside a building[,]" Plaintiff answered, "[o]f course."  ECF Nos. 50-1 at 12;  50-2 at 12.  Defendant Jackson and a Defendant Love's employee also corroborated that it was raining outside on the day of the accident.  ECF Nos. 50-1 at 11–12; 50-3 at 8; 50-4 at 3.  Such testimony shows that Defendants had no duty to warn guests, including Plaintiff, of open and obvious dangers, i.e., slipping associated with accumulated

6

rainwater.  With respect to the applicability of *Hackworth* and *Lucas* to the present case, while neither case is binding authority on this Court,[3] the Court finds that both cases are analogous to the present case insofar that both cases addressed premises liability in terms of outside rainy weather preceding a slip and fall on accumulated water inside a storefront.  *See Hackworth*, 366 F. Supp. 2d at 331; *Lucas*, 2014 WL 4976509, at *5. Accordingly, Defendants' Motion for Summary Judgment is granted as to Plaintiff's negligence claim with respect to accumulated rainwater as an open and obvious condition.

Moreover, under South Carolina law, a company's internal policies do not establish a duty for purposes of a negligence claim.  *See Doe 2 v. Citadel*, 805 S.E.2d 578, 583 (S.C. Ct. App. 2017) (citations omitted) (finding that "the internal policies created by [the defendant] do not establish a voluntary undertaking of a duty; rather, they can only serve as evidence of the standard of care if the duty was established by law"); *see also Doe ex rel. Doe v. Wal-Mart Stores, Inc.*, 711 S.E.2d 908, 912 (S.C. 2011) (holding that defendant employee's failure to follow defendant's policies did not create a duty).

Here, the Defendants undertaking actions based on internal policies and procedures did not create a duty toward Plaintiff.  Defendant Love's internal policies require employees to place wet floor signs in the event of rain and notify customers that an area might be wet.  ECF Nos. 59 at 8; 59-6 at 2.  The record indicates that Defendant

---

[3] *See Nat'l Union Fire Ins. Co v. Allfirst Bank*, 282 F. Supp 2d 339, 351 (D.S.C. 2003 (citing *Bryant v. Smith*, 165 B.R. 176, 180–81 (W.D. Va. 1994) ) ("[N]o decision of a district court judge is technically binding on another district court judge, even within the same district.")); *see also Hupman v. Cook*, 640 F.2d 497, 500 (4th Cir. 1981) ("[Unpublished opinions] are entitled only to the weight they generate by the persuasiveness of their reasoning.").

Love's employees placed wet floor signs near the area where the accident occurred, ECF Nos. 50-1 at 3; 50-3 at 7, and company policy makes no specific mention that notifying customers that an area might be wet requires a verbal warning, ECF No. 59-6 at 2. These actions may be evidence of a breach of a standard of care, but do not by themselves, without more, create a duty toward Plaintiff. *See Doe 2*, 805 S.E.2d at 583. To the extent Plaintiff argues that Defendants' failure to follow internal policy and place mats on the floor in the event of rain indicates "that a jury could justifiable infer that [Defendants] failed to act with due care[,]" ECF No. 59 at 10, South Carolina law is clear that a defendant's failure to comply with company policy does not create a duty toward a plaintiff,[4] *see Doe ex rel. Doe*, 711 S.E.2d at 912. Accordingly, Defendants' Motion for Summary Judgment is granted as to Plaintiff's negligence claim with respect to an alleged duty arising from Defendants undertaking actions pursuant to internal policies and procedures.

II. **Negligence Liability Based on a Foreign Substance – Defendants Creating an Alleged Dangerous Condition or Being on Notice of an Alleged Dangerous Condition**

Defendants contend that they are entitled to summary judgment because Plaintiff has allegedly failed to adduce any evidence that Defendants created the alleged dangerous condition or had notice of the alleged dangerous condition, i.e., a grease substance on the floor. ECF No. 50-1 at 6, 8. Defendants rely on Plaintiff's deposition testimony that Plaintiff did not know if Defendants put the greasy film substance on the floor, ECF No. 50-2 at 15, and an employee's deposition testimony that in reviewing video footage that captured the accident, the employee did not observe any employee tracking

---

[4] Plaintiff also contends that Defendants failed to comply with internal policies and procedures with respect to other actions taken—placing wet floor signs and notifying customers—but such arguments fail for the same reason set forth above.

8

grease into the dining area of Chester's nor any customer dropping greasy food in the area of the floor where Plaintiff fell. ECF Nos. 50-1 at 7–8; 50-3 at 11. Furthermore, Defendants argue that they did not have actual notice of the alleged dangerous condition. Defendants rely on an employee's deposition testimony that in reviewing video footage of the accident, the employee did not see any other customer fall down and while working on the day the accident occurred, no customer or any other individual informed the employee that others had slipped and fallen down. ECF Nos. 50-1 at 8; 50-3 at 10. Defendants contend that they did not have constructive notice of the alleged dangerous condition because no witness, including Plaintiff, can establish how long the purported condition existed so as to establish constructive notice. ECF No. 50-1 at 8.

In contrast, Plaintiff contends that Defendants had both actual and constructive notice of the alleged dangerous condition. ECF No. 59 at 3–4. Plaintiff contends that Defendant Love's had actual notice because it controlled the entrance of Chester's and the area in which Plaintiff fell, and video footage of the accident allegedly shows that three slipping incidents occurred before Plaintiff fell, with one such incident allegedly occurring between two Defendant Love's employees. *Id.* at 4. Plaintiffs relies, in part, on an employee's deposition testimony in which the employee—who did not witness the slips—testified that any of the alleged three prior incidents warranted remediation in the form of cleaning the area and relocating the wet floor sign. *Id.*; ECF No. 59-3 at 5–6. Plaintiff further argues that Defendants had constructive notice because Defendants should have discovered the alleged dangerous condition given that Defendant Love's employees are required to conduct "courtesy checks" of the lobbies and access points under Defendant Love's control and failed to do so prior to the accident. ECF No. 59 at 5; ECF No. 59-4

9

at 4, 7.

Defendants contend that there is no evidence in the record that the three slipping incidents Plaintiff identified in the video footage involved the same substance in which Plaintiff allegedly slipped. ECF No. 72 at 2. Defendants also contend that there is no evidence in the record that Defendants knew of the purported prior slipping incidents before reviewing the video footage. *Id.* at 3. Defendants argue that the policy to conduct "courtesy checks" does not create constructive notice because there is no evidence in the record indicating how long the foreign substance Plaintiff allegedly encountered existed prior to the accident. *Id.* To the extent that Plaintiff argues Defendants had notice because "the video shows employees in close proximity to customers who had trouble navigating the entrance area of the restaurant," Defendants contend that such proximity is insufficient to establish notice. *Id.*

Having reviewed the applicable law and the arguments and submissions of the parties, the Defendants' Motion for Summary Judgment is granted as to Plaintiff's claim for negligence with respect to liability based on a foreign substance. In South Carolina, to establish liability:

> For injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it.

*Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728, 729 (S.C. 2001) (citations omitted). "In the case of a foreign substance, the plaintiff must demonstrate either that the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall." *Id.* at

10

129–30 (citations omitted). A plaintiff can establish constructive notice of a foreign substance if the plaintiff can prove "that the foreign substance had been on the floor for a sufficient time and that the storekeeper would have discovered and removed it had the storekeeper used ordinary care." *Cook v. Food Lion, Inc.*, 491 S.E.2d 690, 691 (S.C. Ct. App. 1997) (citing *Gillespie v. Wal-Mart, Inc.*, 394 S.E.2d 24, 24–25 (S.C. Ct. App. 1990)).

Here, Plaintiff failed to provide any evidence that Defendants created the greasy film in which Plaintiff allegedly slipped or that Defendants had actual or constructive notice of the foreign substance. As a threshold matter, Plaintiff's uncorroborated testimony cannot by itself, without more, create a genuine issue of material fact to withstand Defendants' Motion for Summary Judgment. *Wilson v. Wal-Mart, Inc.*, C.A. No. 3:15-1157-JFA, 2016 WL 3086929, at *3 (D.S.C. June 2, 2016) (citing *Hindman v. Greenville Hosp. Sys.*, 947 F. Supp 215, 223 (D.S.C. 1996)). Plaintiff has failed to produce evidence that indicates Defendants created the alleged dangerous condition, i.e., the greasy film substance. During Plaintiff's deposition, she admitted that she did not know how the foreign substance got on the floor. ECF No. 50-2 at 15. In addition, during the deposition of a Defendant Love's employee, the employee admitted that the video footage of the accident did not show any employee tracking grease into the dining area or any individual dropping food on the floor. ECF No. 50-3 at 11.

Nor has Plaintiff produced evidence that Defendants were on actual or constructive notice of the alleged dangerous condition. Defendants contend that Plaintiff has not alleged how long the foreign substance was on the ground so as to establish constructive notice. ECF No. 50-1 at 8. Plaintiff contends that Defendants had actual notice because (1) Defendant Love's controlled the entrance to Chester's and the dining area where the

11

accident occurred, (2) video footage allegedly shows that three slipping incidents occurred prior to the accident, and (3) one of the alleged incidents occurred between two Defendant Love's employees.  ECF No. 59 at 4.  While it is true that Defendant Love's controlled the entrance and the dining area, control, without more, does not establish actual or constructive notice in this case.  Plaintiff has failed to produce evidence that any Defendant Love's employee knew of the alleged slipping incidents prior to the accident.  In fact, during a deposition, a Defendant Love's employee who worked when the accident occurred admitted that no individual made any mention of "falling or almost slipping or anything along those lines[.]"  ECF No. 50-3 at 10.

In addition, even though Defendant Love's employees may have been in close proximity to the one of the alleged slipping incidents, close proximity does not by itself establish notice.[5]  *Wilson*, 2016 WL 3086929, at *4 ("Defendant admits that its surveillance video shows employees in the general area prior to the incident.  However, that evidence, standing alone, is insufficient to charge Defendant with constructive knowledge of the substance[.]").  To the extent Plaintiff argues that the policy of performing "courtesy checks" creates notice, Plaintiff has not produced any evidence that Defendants or any Defendant Love's employee learned of the alleged dangerous condition by performing any such "courtesy check."[6]  Plaintiff has also failed to establish

---

[5] With respect to Plaintiff's argument that Defendants had actual notice because one of the alleged prior slipping incidents occurred between two Defendant Love's employees, ECF No. 59 at 4, upon further review, the video footage shows that the incident occurred in the vicinity of two employees, ECF No. 59-2.  However, as stated above, close proximity does not by itself establish notice.  *Wilson*, 2016 WL 3086929, at *4.

[6] Plaintiff also alleges that Defendants failed to conduct a "courtesy check" prior to the accident and thus had constructive notice because "Defendants should, and would,

that Defendants had constructive notice of the foreign substance because Plaintiff has not produced evidence that indicates how long the foreign substance existed prior to the accident. Accordingly, Defendant's Motion for Summary Judgment is granted as to Plaintiff's claim for negligence with respect to liability based on a foreign substance.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment [50] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

November 28, 2023
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

have discovered and remedied the dangerous condition had they exercised due care." ECF No. 59 at 5. However, Plaintiff has not produced evidence that the foreign substance existed at the time of the alleged failed "courtesy check."